Filed 7/22/25  Pickard v. Riverside Community Hospital CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| RANDY PICKARD, | |
| Plaintiff and Appellant, | E082652 |
| v. | (Super.Ct.No. CVRI2204735) |
| RIVERSIDE COMMUNITY HOSPITAL, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Carol A. Greene, Judge.  Dismissed.

Randy Pickard, in pro. per., for Plaintiff and Appellant.

Dummit Buchholz & Trapp, Craig S. Dummit, and John M. Racanelli, for Defendant and Respondent.

1

Plaintiff Randy Pickard, who has been a self-represented litigant throughout these proceedings, appeals from a judgment entered in favor of defendant Riverside Community Hospital (Hospital) after the trial court sustained Hospital's demurrer to Pickard's first amended complaint (FAC) without leave to amend. Pickard raised three challenges to the judgment; however, prior to oral argument his sister informed this court that he had passed away. In response, we ordered oral argument of the appeal off calendar and requested Pickard's "personal representative, successor in interest or the attorney for that person . . . provide this court with a copy of the death certificate . . . and a request or stipulation to dismiss the appeal." For the reasons discussed herein, we order the appeal dismissed.

## I. PROCEDURAL BACKGROUND AND FACTS

Since the record on appeal is extremely minimal, we look to the register of actions and appellate briefs to provide the procedural background and facts.

On October 31, 2022, Pickard initiated this action alleging medical malpractice[1] and negligence concerning the medical care and treatment he received for his "Covid19 related illness" during his admission at Hospital beginning on August 27, 2021. Hospital demurred; Pickard did not oppose the demurrer, and the trial court sustained it with 20 days leave to amend.

On July 11, 2023, one day after the 20-day deadline, Pickard filed his FAC. Hospital demurred on the grounds the FAC is "incoherent, unintelligible, ambiguous, and

---

[1] In his notice of appeal, Pickard stated, "[T]his is not a medical malpractice case[,] this is an assault case by a male nurse who for whatever reason had a bad day."

uncertain," fails to identify the causes of action asserted against Hospital, lacks sufficient material facts to support any cause of action, and is barred by Government Code section 8659, and the Public Readiness and Emergency Preparedness Act (PREP Act; 42 U.S.C. § 247d) as it concerns medical treatment Pickard received for Covid-19. No opposition was filed, and the trial court sustained the demurrer without leave to amend.

Pickard appealed and proceeded without a record of the oral proceedings and a limited clerk's transcript. He specifically requested the following documents: (1) "Case managment" dated September 21, 2023; (2) "demmueer responce hearing" dated September 21, 2023; (3) "Exibit B Alec Pickard statment of facts to assault in ICU" filed May 23, 2023; (4) Exhibit B "Alec Pickards witness to assult"; and (5) "notice of ruling 09/21/2023 dismisal." He also requested the court reporter provide his "copy of the reporter's transcript in computer-readable format." In response, the clerk of the superior court certified the court's records do not include his five requested documents. Pickard did not request, and the clerk's transcript does not include, the FAC, Hospital's demurrer, and any opposition offered by Pickard.

## II. DISCUSSION

On May 19, 2025, Pickard passed away prior to oral argument. Ten days later, counsel for Hospital contacted this court and stated the appeal is without merit and he sees no reason for the matter to proceed any further. On July 16, 2025, Jamie M. Frenzel, an attorney, submitted a declaration and provided a certified copy of Pickard's death certificate that states he died on May 19, 2025. According to Ms. Frenzel, a petition for letters of administration has been filed, Thomas G. Anderson is the proposed

3

administrator, the estate is insolvent, and none of the estate's heirs and beneficiaries wish to move forward with this appeal.  Counsel further indicated that no one currently has authority to stipulate to a dismissal; however, if appointed, Mr. Anderson would do so.  Given Pickard's passing, we dismiss this appeal.

## III.  DISPOSITION

The appeal is dismissed.  In the interest of justice, each side shall bear its own costs.  (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

4